IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| INGRID PARSON | : | |
| 959 Penn Circle, Apt. C 212-R | : | CIVIL NO. _____ |
| King of Prussia, PA 19406 | : | |
| | : | |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| WILLIAMS SCOTSMAN, INC. d/b/a | : | |
| WILLSCOT | : | |
| 901 South Bond Street, | : | |
| Baltimore, MD 21231 | : | |
| | : | |
| Defendant. | : | |

---

## **COMPLAINT – CIVIL ACTION**

Plaintiff, Ingrid Parson ("Plaintiff"), by and through her undersigned attorneys, brings this action against her prior employer, Williams Scotsman, Inc. d/b/a WillScot ("Defendant") and alleges as follows:

### **INTRODUCTION**

1. Plaintiff brings this action to redress violations by the Defendant of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

### **PARTIES**

2. Plaintiff, Ingrid Parson, is a citizen of the Commonwealth of Pennsylvania who presently maintains a residence at 959 Penn Circle, Apt. C 212-R, King of Prussia, PA 19406.

3. Upon information and belief, Defendant, Williams Scotsman, Inc. d/b/a WillScot is a business entity organized and existing under the laws of the state of Maryland, with a place of

business located in the Commonwealth of Pennsylvania at 1200 Swedesford Road, Berwyn, PA 19312.

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are hereby incorporated by reference as though the same were more fully set forth at length herein.

5. On or about December 14, 2020, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2021-01075. Plaintiff's EEOC Charge was filed within three hundred (300) days of the unlawful employment practice.

6. By correspondence dated February 23, 2021, Plaintiff received a Notice of Right to Sue from the EEOC regarding her Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant action within the statutory time frame applicable to her claims.

8. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintain this action.

9. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative fact as her federal claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this District, doing business therein, and the events giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were more fully set forth at length herein.

14. In or around November 2018, Plaintiff began her employment with Defendant in the position of Transportation Coordinator at Defendant's location in Berwyn, PA when Defendant took over from her prior employer.

15. Throughout the course of her employment with Defendant, Plaintiff received positive reviews of her performance, occasional praise, and no justifiable discipline.

16. By way of background, prior to her employment with Defendant, Plaintiff suffered from two (2) heart attacks.

17. Furthermore, Plaintiff suffers from high blood pressure.

18. Suffering from heart attacks and high blood pressure constitute disabilities within he meaning of the ADA, in that they substantially impair major life activities.

19. With respect to the discriminatory mistreatment Plaintiff was subjected to on the basis of her age, sixty-one (61) at the time, throughout the course of her employment, employees of Defendant, including her Manager and/or direct report, Christine Tadros ("Ms. Tadros"), frequently stated, inter alia, that she was "old school," based on the fact that she kept paper records for her work product.

20. Furthermore, Defendant's employees and Ms. Tadros would mockingly state, inter alia, that she had to "go to bed at a certain time," due to her age.

21. Moreover, Defendant's substantially younger employee in the Transportation Coordinator position began failing to complete his portion of job responsibilities.

22. As a result thereof, Plaintiff was required to fulfill his portion of job responsibilities, as a result of his failure to fulfill same.

23. In reply, Ms. Tadros advised that the increase in workload was "good job security."

24. In or around March 2020, Plaintiff was given a performance evaluation by Ms. Tadros.

25. During this evaluation, Plaintiff was asked by Ms. Tadros, how she should measure her and her coworker, to which Plaintiff advised Ms. Tadros that she was not sure what to say.

26. With respect to the discriminatory mistreatment Plaintiff was subjected to on the basis of her disabilities, on or about June 8, 2020, Plaintiff was hospitalized as a result of suffering from high blood pressure, and being at a greater risk of suffering another heart attack.

27. Plaintiff was discharged from the hospital on or about June 9, 2020, but required medical leave from Defendant for the remainder of the work week as per her physician's orders.

28. This leave of absence is FMLA qualifying leave as she required leave of three (3) consecutive days for a serious health condition.

29. On or about June 15, 2020, Plaintiff returned to work and needed to work overtime everyday thereafter until on or about June 17, 2020, as a result of the workload she returned to after her medical leave.

30. However, on or about June 18, 2020, at approximately 9:45AM, Plaintiff was terminated from employment by Ms. Tadros and Plaintiff's Supervisor, Mark Weaver ("Mr. Weaver").

31. Plaintiff was advised by Ms. Tadros that "[they] really appreciate the job [Plaintiff] did, but [they] are going to eliminate her job," despite being an essential position for Defendant's business operations.

32. Critically, Plaintiff was terminated from employment only three (3) days following her return to work from her medical leave of absence, as a result of her need for a reasonable accommodation in connection to her disabilities.

33. Moreover, Plaintiff was terminated from employment rather than her substantially younger coworker, of whom she made complaints against for failing to fulfill his necessary job responsibilities that she was expected to undertake in addition to her own.

34. Accordingly, it is believed and therefore averred that Defendant terminated Plaintiff on the basis of her disabilities, those which Defendant regarded her as having, for her past record of impairment, and in retaliation for requesting a reasonable accommodation in connection thereto, in violation of the ADA.

35. It is further believed and therefore averred that Defendant terminated Plaintiff on the basis of her age, in violation of the ADEA.

36. Finally, it is believed and therefore averred that Defendant terminated Plaintiff in retaliation for Plaintiff exercising her rights under the FMLA and taking the FMLA qualifying leave when she required leave when hospitalized in June 2020.

37. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion

benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION AND RETALIATION

40. Paragraphs 1 through 39 are hereby incorporated by reference as though the same were fully set forth at length herein.

41. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.

42. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

43. Plaintiff's heart attacks and high blood pressure constitute disabilities within the meaning of the ADA in that they substantially impair her ability to engage in major life activities.

44. Despite her disabilities, Plaintiff would have been able to perform the essential function of her job with or without a reasonable accommodation.

45. By reasons of the foregoing, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff on the basis of her disabilities, those which Defendant regarded her as having, and/or for her past record of impairment.

46. Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for her request for a reasonable accommodation as well as her complaints in connection thereto.

47. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT II
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, et seq.
## DISCRIMINATION

48. Paragraphs 1 through 47 are hereby incorporated by reference as though the same were fully set forth at length herein.

49. Defendant employed at least twenty (20) employees throughout its various office locations at all times material hereto.

50  Plaintiff was born in 1959.

51.     Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., in that Defendant unlawfully and illegally discriminated against Plaintiff on account of her age, being above the age of forty (40) years old at the time of the unlawful discrimination.

52.     By reasons of the foregoing, Defendant, through its agents, officers, servants and/or employees, has violated the ADEA by terminating Plaintiff on the basis of her age.

53.     Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

54.     Because of Defendant's unlawful acts, Plaintiff has suffered damages in the form of, inter alia, loss of past and future wages and compensation, mental and emotional damages, loss of reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.     Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.     Liquidated damages;

C.     Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.     Any verdict in favor of Plaintiff is to be molded by this Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

E.     Pre-judgment interest in an appropriate amount; and

F.   Such other and further relief as is just and equitable under the circumstances.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## RETALIATION

55. Paragraphs 1 through 54 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

56. Defendant employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius for each working day in each of (20) or more calendar days in the current or preceding year.

57. Plaintiff was an eligible employee under the FMLA and entitled to twelve (12) weeks of unpaid leave for her own serious health condition.

58. Plaintiff provided adequate notice to Defendant of her need for a medical leave by giving notice as soon as she became aware of the need for leave and as soon as was practicable, pursuant to 29 U.S.C. § 2612(e).

59. Defendant willfully violated the FMLA by terminating Plaintiff's employment in retaliation for taking qualifying FMLA leave in June 2020 when she was out in excess of three (3) consecutive days for her own serious health condition.

60. As a result of Defendant's actions, Plaintiff has suffered significant damages.

61. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, been unable to obtain other employment, has suffered significant wage losses and loss of potential of raises and/or bonuses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

(A)  Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

(B)  Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

(C)  Liquidated damages;

(D)  Plaintiff's cost, disbursements and attorney's fees incurred in prosecuting this action;

(E)  Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

(F)  Pre-judgment interest in an appropriate amount; and

(G)  Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

        Respectfully submitted,

        **MURPHY LAW GROUP, LLC**

By:    */s/Benjamin Salvina*
       Benjamin Salvina, Esquire
       Michael Murphy, Esquire
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       TEL: 267-273-1054
       bsalvina@phillyemploymentlawyer.com
       murphy@phillyemploymentlawyer.com
       *Attorneys for Plaintiff*

Dated: May 24, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.